UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EMILY HIZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   3:17-cv-00915 |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. The United States Postal Service ("USPS") maintains a post office branch in Winamac, Indiana that is inaccessible to people with mobility impairments that prevent them from opening doors or climbing stairs. To enter the Post Office, customers must pass through two heavy doors, climb a flight of steps, and enter another set of doors before accessing the lobby. This is despite the fact that USPS has adopted accessibility guidelines that require its facilities to have at least one accessible route for persons with disabilities. Although the Post Office provides a call button for people with disabilities who cannot climb stairs, Post Office employees frequently do not answer it, and even when they do, patrons are forced to conduct their business in a small vestibule while other customers are trying to get by.

2. Emily Hizer is a resident of Winamac who has multiple sclerosis and requires a scooter to get around. She would like to physically access the Post Office for her personal business as well as to retrieve mail from her employer's post office box. She cannot do so, however, because the Post Office is not accessible to people like her who cannot open the multiple sets of doors or climb stairs. USPS's failure to comply with its own accessibility standards, and provide a reasonable

1

accommodation to Ms. Hizer, is a violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* Appropriate declaratory and injunctive relief should be granted to provide Ms. Hizer with a reasonable accommodation so that she can access the Post Office in Winamac, Indiana.

**Jurisdiction, venue, cause of action**

3. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 1346.

4. Venue in this district is appropriate pursuant to 28 U.S.C. § 1391.

5. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

6. Plaintiffs' claims are brought pursuant to 29 U.S.C. § 794a(a)(2).

**Parties**

7. Emily Hizer is an adult resident of the Town of Winamac, located in Pulaski County, Indiana.

8. The United States Postal Service is an independent establishment of the executive branch of the Government of the United States. 39 U.S.C. § 201. USPS is the federal agency responsible for ensuring compliance with the Rehabilitation Act in all postal service programs and activities. *See* 29 U.S.C. § 794.

**Factual allegations**

*The Winamac Post Office*

9. The Town of Winamac is the county seat for Pulaski County.

10. The USPS maintains only one post office in Winamac, Indiana, located downtown at 202 Pearl Street.

11. Upon information and belief, USPS leases the building from a private property owner.

12. The Winamac Post Office provides a variety of services related to sending and receiving letters and packages, including, but not limited to, maintaining post office boxes, holding packages that could not be delivered, accepting bulk mailings, selling postage, and selling letter and packaging supplies. The Post Office also provides a number of ancillary services for the federal government, including accepting passport applications, taking passport photos, selling money orders, and selling federal duck stamps (required for hunting migratory birds such as ducks and geese).

13. Although some of these services can be accessed online, particularly purchasing postage, many cannot. For example, for those that use post office boxes, the mail must physically be picked-up from the post office where the box is located. Certain letter and packaging supplies, such as those used for express and certified mailings, must also be picked-up from the post office itself. Passport services are conducted by appointment; and money orders must be purchased in person, as well.

14. The Winamac Post Office has only one public entrance. Customers must pass through two sets of double doors, both of which can only be manually operated. The first set of doors is at street level, and leads to a small vestibule that is approximately seven feet long and seven feet wide. The customer must then climb approximately five steps to reach the second set of double doors leading to the Post Office lobby, post office boxes, and service counters.

15. There are no ramps or elevators that the public can use to access the post office

16. If a customer is able to open and enter the first set of manual doors, there is a sign that reads, "Handicap Customers Please Ring Bell for Service." There is usually only one Post Office employee serving customers, and the employee would have to leave those customers to attend to persons with disabilities. Employees frequently do not answer the service bell because the button

is often pressed inadvertently or as a prank.  Of course, the service bell is completely inaccessible to people with mobility impairments who cannot enter through the first set of doors, and the Post Office lobby remains completely inaccessible to people who cannot open doors or climb stairs.

17.     The USPS has adopted accessibility standards, pursuant to the Architectural Barriers Act ("ABA"), for buildings that it owns and leases.  *See* 39 CFR § 254.1; 36 C.F.R. Pt. 1191 & App'x A through E.  The Standards for the ABA provide for "[a]t least one accessible route" between floors in a multi-story building, and that doors along that route must meet certain specifications that make them operable by someone in a wheelchair.  *See* 36 C.F.R. Pt. 1191 App'x C & App'x D.

18.     The Winamac Post Office does not have an accessible route and is not accessible to people with mobility impairments that make them unable to open doors or climb stairs.

*Emily Hizer*

19.     Emily Hizer is an adult resident of Winamac.  She has multiple sclerosis, a progressive neurological disease that, among other things, causes progressive weakening of the extremities.

20.     As a result, she is unable to walk any distance and travels exclusively through use of a motorized scooter.

21.     Ms. Hizer would like to access the Post Office for a variety of services, including, but not limited to, mailing packages and letters, and purchasing stamps and materials for mailings.

22.     Ms. Hizer would also like to access the Post Office for her job.  She works as a secretary at a law office, located a block away, which maintains a post office box at the Winamac Post Office.  Ordinarily, one of Ms. Hizer's duties would be collecting mail from the office's post office box located at the Post Office.

23.     Ms. Hizer cannot access the Winamac Post Office, however, because it is not accessible to persons like her who have mobility impairments that prevent them from opening doors and climbing stairs. First, Ms. Hizer is often too weak to open the first set of doors to the vestibule of the Post Office because the first set of doors are too heavy to open while seated on her scooter.

24.     Even if she were to obtain help from another customer or passerby, she cannot get past the vestibule of the Post Office because of the stairs, which she cannot climb due to her disability.

25.     Ms. Hizer has attempted to use the call button that is designated for persons with disabilities, but frequently no one answers it, and she is left waiting for long periods of time before giving up and leaving. When a Post Office employee does respond, Ms. Hizer finds it humiliating and demeaning to conduct her business in the entryway of the Post Office while other customers are trying to get in and out of the entrance.

26.     Ms. Hizer has raised concerns about the inaccessibility of the Post Office to local Post Office employees. They have refused to make any other accommodations.

27.     In fact, upon information and belief, since Ms. Hizer first started making oral complaints to Post Office employees and the property owner, USPS has signed a lease extension, despite the fact that the building is not accessible.

28.     On September 15, 2017, Ms. Hizer sent a written complaint via certified mail, pursuant to 39 C.F.R. § 255.6(d)(1), to the Winamac Post Office Manager, detailing her concerns about inaccessibility of the Post Office. The complaint was delivered to the Post Office on September 18, 2017. A copy of the letter and tracking information are attached as Exhibit 1.

29.     Under USPS regulations, the Winamac Post Office manager is required to send an acknowledgment of receipt within 15 days of receiving the complaint, an interim report if the

complaint is not resolved within 30 days, and a final response within 60 days. 39 C.F.R. § 255.6(d)(1)(iii)

30. The Post Office did not respond to Ms. Hizer's written complaint in any form.

31. USPS regulations provide that a customer alleging discrimination under the Rehabilitation Act may seek relief "in any other appropriate forum" after complying with the informal complaint procedures.

32. Ms. Hizer has complied with USPS's complaint procedure, and has waited the requisite 60 days for a response.

33. Ms. Hizer continues to be excluded from physically accessing the Post Office and therefore she is excluded its programs and activities.

34. The USPS is discriminating again Ms. Hizer because of her disability and is in violation of the Rehabilitation Act.

35. The USPS's discrimination against Ms. Hizer is causing her irreparable harm for which there is no adequate remedy at law.

**Legal Claims**

36. The USPS's failure to accommodate Ms. Hizer's disability by providing her with physical access to the Post Office is discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 794.

**Relief Requested**

**WHEREFORE**, plaintiff requests that this Court:

1. Accept jurisdiction of this case and set it for hearing.

2. Declare that the actions of the defendants violated and continue to violate Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

3. Enter a preliminary injunction, later to be made permanent, enjoining the USPS to provide Ms. Hizer with a reasonable accommodation so that she can access the Winamac Post Office.

4. Award plaintiff her costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 794a(b).

5. Award all other proper relief.

*/s/ Jan P. Mensz*_____
Jan P. Mensz
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN  46202
317.635.4059, x107
<jmensz@aclu-in.org>

*/s/ Kenneth J. Falk*_____
Kenneth J. Falk
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN  46202
317.635.4059, x104
<kfalk@aclu-in.org>

*Attorneys for the plaintiff*